**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHH Mortgage Corporation,<br><br>Plaintiff,<br><br>-v-<br><br>Elizabeth Mazzocchi and JP Morgan Chase Bank, N.A.,<br><br>Defendant. | 2:25-cv-5009<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On September 5, 2025, Plaintiff PHH Mortgage Corporation ("PHH Mortgage") commenced this action against Defendants Elizabeth Mazzocchi and JP Morgan Chase Bank, N.A. ("JP Morgan" and together, "Defendants"), pursuant to the New York Real Property Actions and Proceedings Law ("N.Y. RPAPL.") § 1301 et seq. to foreclose on a mortgage encumbering a property located in Shirley, New York 11967 (the "Subject Property"). (Compl. ¶ 1.) Although PHH Mortgage initially brought claims against fictitious defendants John Doe #1 through John Doe #12 (*id*. at 5), it withdrew those claims in response to this Court's Order requiring it to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction (ECF No. 24 (Order to Show Cause); ECF No. 25 ¶¶ 28–30 (withdrawing claims against fictitious defendants).) Pursuant to this Court's September 8, 2026 Order, the John Doe Defendants were terminated from the action. (Elec. Order, Sept. 8 2026.)

The Clerk of Court entered default against Defendants on January 26, 2026. (ECF No.

14.) Thereafter, on February 11, 2026, PHH Mortgage filed a Motion for Default Judgment (Mem. ISO Mot. Default J. ("Mot."), ECF No. 17-3), seeking the following relief: (1) $310,495.02 in damages, consisting of unpaid principal, accrued late fees, default interest, and additional costs; (2) $1,260 in court costs and disbursements; (3) $6,800 in attorney's fees; (4) a judgment of foreclosure and sale of the Subject Property at public auction; and (5) the appointment of a referee to sell the Subject Property. (Decl. ISO Mot. Default J ("Decl. ISO Default"), ECF No. 17-2 at ¶¶ 18–25.)[1] I referred the Motion to Magistrate Judge Anne Y. Shields for a written report and recommendation on February 12, 2026. (Elec. Order, Feb. 12, 2026.)

On June 17, 2026, Judge Shields issued a Report and Recommendation (the "R&R") recommending that PHH Mortgage's Motion for Default Judgment be granted in part and awarding PHH Mortgage the following relief: (1) $310,495.02 in damages consisting of unpaid principal, accrued late fees, and default interest; and (2) $1,2600 in costs and disbursements. (R&R, ECF No. 18 at 14–15, 18–19.) However, Judge Shields recommended denying PHH Mortgage's request for a flat fee of $6,800 in attorney's fees and granting leave to file a renewed application because flat fee arrangements are discouraged in the Second Circuit and PHH Mortgage failed to provide contemporaneous billing records that the Court could analyze using the lodestar method. (*See id*. at 15 (citing *Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of*

[1] PHH Mortgage also sought to amend the case caption to remove "John Doe" through "John Doe #12" as defendants. (Decl. ISO Default ¶¶ 22–23.) Judge Shields recommended such amendment. (R&R at 20.) However, as described above, the pursuant to this Cout's September 8, 2026 Order, the Clerk of Court updated the case caption to remove the John Doe Defendants in light of PHH Mortgage's withdrawal of any claims against them. (Elec. Order, Sept. 8, 2026.) Accordingly, PHH Mortgage's request and the R&R corresponding recommendation are moot.

*Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) and *Onewest Bank, N.A. v. Cole*, No. 14-cv-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015).) In the alternative, Judge Shields analyzed the billing documentation provided by PHH Mortgage's counsel, which included an outline of tasks and how much time was spent on each task and requested a billing rate of $330 per hour. (*See* Decl. Orit Avraham ("Avraham Decl."), ECF No. 17-20.) She recommended that, should the Court find PHH Mortgage's documentation sufficient for determining a fee-award, then PHH Mortgage should be awarded attorney's fees in the amount of $6,435 for 19.5 hours worked. (R&R at 16–17.) Finally, Judge Shields found that PHH Mortgage sufficiently pled a prima facie case establishing its right to foreclose the Subject Property, but it failed to include any documentation in support of its request to appoint Melissa Mohan, Esq., as the referee to sell the Subject Property. (*Id*. at 12–14, 19–20.) Accordingly, Judge Shields recommended that PHH Mortgage file a proposed appointment order recommending three potential referees that the Court could choose to serve as a referee to sell the Subject Property. (*Id*.)

A copy of the R&R was provided to PHH Mortgage's counsel via ECF on June 17, 2016 (ECF No. 18), and PHH Mortgage filed a certificate of service on June 18, 2026, affirming that it had served the R&R on Mazzocchi and JP Morgan by first-class mail sent through the United States Postal Service and Federal Express at their last known addresses on June 18, 2026. (*See* ECF Nos. 19 and 20.) The R&R instructed that any objections to the R&R were required to be submitted in writing to the Clerk of Court within fourteen (14) days of service of the R&R. (R&R at 21.) Consequently, the deadline to object to the R&R was July 6, 2026. *See* Fed. R. Civ. P. 72(b)(2) (requiring a party to file objections to a magistrate judge's report and recommendation within 14 days of service); Fed. R. Civ. P. 5(b)(2)(C) (providing that service by

mail "is complete upon mailing"); Fed. R. Civ. P. 6(d) (adding three days for a party to act in response to a document served by mail); Fed. R. Civ. P. 6(a)(1)(C) (deferring deadlines that fall on a Saturday or Sunday until "the next day that is not a Saturday, Sunday, or legal holiday"); *see also Murphy v. Murphy*, No. 20-cv-02388, 2023 WL 2795977, at *1 (E.D.N.Y. Apr. 5, 2023) (setting out these same rules for calculating the deadline to object to an R&R). The date for filing any objections to the R&R has thus expired, and no party has filed an objection to the R&R.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no objections are filed, a district court reviews a report and recommendation for clear error. *King v. Paradise Auto Sales I, Inc.*, No. 15-cv-1188, 2016 WL 4595991, at *1 (E.D.N.Y. Sept. 2, 2016) (citation omitted); *Covey v. Simonton,* 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

After Judge Shields issued the R&R, which, among other things, recommended that the Court deny PHH Mortgage's request for attorney's fees, PHH Mortgage filed a "limited objection" in which it represented that it "does not contest" Judge Shields' alternative recommendation that PHH Mortgage be awarded $6,435 in attorney's fees. (ECF No. 22.)

In light of PHH Mortgage's "limited objection," I reviewed the R&R de novo. Having reviewed the motion papers, the applicable law, and the R&R, I adopt the thorough and well-reasoned R&R's recommendation to grant PHH Mortgage's Motion for Default Judgment and to award it $310,495.02 in damages consisting of unpaid principal, accrued late fees, and default interest and $1,2600 in costs and disbursements.

I also adopt the R&R's recommendation to deny PHH Mortgage's request for attorney's fees with leave to file a renewed attorney's fees motion that complies with Judge Shields'

instruction to provide contemporaneous billing records documenting the attorneys' work on this matter. *See* R&R at 15–17; *see also Cruz v. Loc. Union No. 3 of Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) ("[A]pplications for attorneys fees *must specify*, for each attorney, the date, the hours expended, and the nature of the work done." (emphasis added)); *Onewest Bank, N.A. v. Cole*, No. 14-cv-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'"), *as amended*, No. 14-cv-3078, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *report and recommendation adopted sub nom. One W. Bank, N.A. v. Cole*, No. 14-cv-3078, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016).

Last, following Judge Shields' recommendation that PHH Mortgage file a proposed appointment order recommending three potential referees for the Court's consideration, PHH Mortgage filed the resumes of Melissa Mohan, Esq., (ECF No. 23 at 9–10), John Howard Lynch (*id*. at 7–8), and Francesco Paolo Tini (*id*. at 3–6). These resumes supplement PHH Mortgage's proposed judgment of foreclosure and sale and order appointing Melissa Mohan, Esq. as the referee to sell the foreclosed Subject Property, which was filed with its Motion for Default Judgment. (*See* Mot., Ex. 1 (the "Proposed Order"), ECF No. 17-1.) Accordingly, upon review of the resumes and the Proposed Order, the Court orders the Clerk of Court to enter a judgment of foreclosure and sale, and to appoint Melissa Mohan, Esq., to serve as a referee to conduct the foreclosure sale of the Subject Property for a $750.00 fee that will be deducted from the sale proceeds, as described in the Proposed Order.

Accordingly, PHH Mortgage's Motion for Default Judgment is GRANTED in part. PHH

Mortgage is awarded $310,495.02 in damages consisting of unpaid principal, accrued late fees, and default interest and $1,2600 in costs and disbursements. Additionally, the Clerk of Court shall appoint Melissa Mohan, Esq., to serve as a referee to conduct the foreclosure sale of the Subject Property for a $750.00 fee that will be deducted from the sale proceeds.

PHH Mortgage is ordered to submit a revised proposed judgment of foreclosure for the Court's review and issuance, in accordance with the rulings set forth in this Order, by **October 16, 2026**. Furthermore, PHH Mortgage may file a renewed motion for attorney's fees pursuant to the instructions in the R&R and this Order by **October 16, 2026**.

Dated: Central Islip, New York
September 17, 2026

*/s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
PHH MORTGAGE CORPORATION,

Plaintiff,

**REPORT AND RECOMMENDATION**
CV 25–5009 (NJC)(AYS)

-against-

ELIZABETH MAZZOCCHI, JP MORGAN CHASE BANK, N.A., "John Doe #1" through "John Doe #12," the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

Defendants.
--------------------------------------------------X
**SHIELDS, Magistrate Judge,**

Plaintiff PHH Mortgage Corporation ("PHH" or "Plaintiff") seeks default judgment and other relief (the "Motion") pursuant to Federal Rule of Civil Procedure 55(b)(2), including a judgement of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301, et seq., against defendants Elizabeth Mazzocchi, ("Mazzocchi" or "Defendant"), JP Morgan Chase Bank, N.A. ("Chase"), and John Doe #1 through John Doe #12, the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint. See Motion for Default Judgment ("Mot.), Docket Entry ("DE") [17]. On February 12, 2026, Judge Nusrat J. Choudhury referred the Motion to the undersigned for a Report and Recommendation. See Order Referring Motion dated

02/12/2026. Pursuant to that referral, the undersigned respectfully recommends that the Motion be granted in part.

## BACKGROUND

I. Facts

A. The Complaint

The following facts are taken from the Complaint, the instant Motion, and the attached affidavits and exhibits.

On September 16, 2005, Elizabeth Mazzocchi ("Defendant" or "Mazzocchi") and Ralph Mazzocchi executed a Note for $382,500.00 to Ameriquest Mortgage Company. See Compl., DE [1], ¶ 9; see also Compl. Ex. B (the "Note"), DE [1-2]. The Note is secured by a mortgage against the real property located at 530 Rowlinson Drive, Shirley, 11967 (the "Property"), which was recorded on October 6, 2005 in Liber M00021145 at page 324 (the "Mortgage"). See Compl. ¶ 9; see also Compl., Ex. C (the "Mortgage"), DE [1-3]. By agreement dated November 1, 2005, the Mortgage was assigned to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2005-R10, Under the Pooling and Servicing Agreement Dated November 1, 2005. See Compl., Ex. D, DE [1-4]. The Mortgage was then assigned from Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc. Asset-Backed Pass-Through Certificates, Series 2005-R10, Under the Pooling and Servicing Agreement Dated November 1, 2005 to PHH Mortgage Corporation, by written instrument dated August 19, 2025 and recorded on October 28, 2025. See id. Through the terms of the assignment, Plaintiff became the owner and holder of the Note and Mortgage. See Compl. ¶ 13.

Ralph Mazzocchi died on April 26, 2009. On October 8, 2010, a Home Affordable Modification Agreement was executed and the loan was modified. Compl. ¶ 11; see also Compl., Ex. E, DE [1-5].

Plaintiff alleges that Defendant defaulted on the terms of the Note and the Mortgage by failing to make timely payments starting on December 1, 2024. See Compl. ¶ 14. As a result, on January 23, 2025, Plaintiff sent Defendant a Notice of Default (Juliana Thurab Affirmation of Indebtedness ("Thurab Aff."), DE 17-5, ¶ 11; see also Thurab Aff., Ex. E, DE [17-10]) as well as a 90 Day Notice of Foreclosure (the "90 Day Notice"). Thurab Aff. ¶¶ 13-14; see also Thurab Aff., Ex. F, DE [17-11]. The amount due by Defendant to Plaintiff under the Note and Mortgage is $310,495.02 as of December 23, 2025. See Orit Avraham, Esq. Declaration in Support ("Avraham Decl."), DE [17-2], ¶ 18.

B. Procedural Background

Plaintiff commenced this action on September 5, 2025. See DE [1]. Defendants failed to respond, and the Clerk of the Court entered a default against them on January 26, 2026. DE [14]. On February 11, 2026, Plaintiff filed the Motion, a memorandum of law, affidavits, and declaration in support of the Motion (see DE [17]), which then was referred by Judge Choudhury to the undersigned for a Report and Recommendation. See Order Referring Motion dated 02/12/2026. Plaintiff properly served the Motion (DE [17-23]) on Defendants, but they once again have neither responded nor appeared.

Plaintiff's Motion requests that the Court (1) enter an order of default judgment pursuant to Fed. R. Civ. P 55(b)(2); (2) grant Plaintiff a judgment of foreclosure and sale pursuant to RPAPL § 1354 and § 1355; (3) award attorneys' fees and costs; (3) appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale pursuant to RPAPL § 1611

and Federal Rule of Civil Procedure 53; and (4) remove "John Doe #1" through "John Doe #12.," as a party defendant in this action and amend the caption to reflect such.

## II. LEGAL STANDARDS

### A. Default Judgement

In evaluating a motion for default judgment, the court "must ensure that (1) jurisdictional requirements are satisfied; (2) the plaintiff took all the required procedural steps in moving for default judgment; and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." Cooper v. Fire & Ice Trucking, Corp., No. 23-CV-1675, 2024 WL 3344001, at *3 (E.D.N.Y. July 9, 2024) (citation omitted).

Rule 55 of the Federal Rules of Civil Procedures sets a two-step process for obtaining a default judgment. See Shariff v. Beach 90th St. Realty Corp., No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant. See Fed. R. Civ. P. 55(b)(2).

If a default is granted, the well-pleaded factual allegations set forth in the complaint are deemed true. See Windward Bora LLC v. Thomas, No. 20-CV-6046, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (citation omitted). The Court, however, has the responsibility "to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Id. (internal citation omitted). "Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability 'as a

matter of law.'" Id. (quoting Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 187 (2d Cir. 2015)).

B. Foreclosure

Under the RPAPL, a plaintiff seeking foreclosure must show (1) the existence of the mortgage and mortgage note, (2) ownership of said mortgage, and (3) the defendants' default on the loan secured by the mortgage. See Wilmington PT Corp. v. Tiwana, 19-CV-2035, 2023 WL 4673777, at *7 (E.D.N.Y. June 12, 2023) (citing Windward Bora LLC v. Baez, No. 19-CV-5698, 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020)). For a plaintiff to establish a prima facie entitlement to judgment they must submit the mortgage, the unpaid note, and evidence of the default; upon that showing, the burden then shifts to defendants to rebut the plaintiff's evidence and can only be overcome by an affirmative showing by the mortgagor. Id. (citing Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414–15 (E.D.N.Y. 2018) (citation omitted)).

C. RPAPL

Plaintiff must abide by the procedures set forth by the RPAPL. For example, Section 1304 requires at least 90-day notice to a borrower before the mortgage servicer commences legal action against the borrower. RPAPL § 1304. Section 1306 requires each lender, assignee, or mortgage loan servicer to file with that notice with the Superintendent of New York State Department of Financial Services within three business days. See RPAPL § 1306. As relevant to the Motion, the Court must consider other relevant portions of the RPAPL, including Section 1351, which governs the judgment of sale; Section 1354, which governs the distribution of proceeds of sales; and Section 1611, which governs the appointment of a referee in a final order. See RPAPL §§ 1351, 1354, 1611.

D. Damages

"A defendant's default does not constitute an admission as to the damages claimed in the complaint." A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc., 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), aff'd, 35 F.4th 913 (2d Cir. 2022). The burden is on the plaintiff to establish, by a "reasonable certainty", his entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55 provides that, if "it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence ... the court may conduct such hearings or order such references as it deems necessary and proper." See id. at 154. Rule 55(b)(2) does not mandate that a district court hold a hearing, as judges have discretion to determine what is "necessary and proper." See McLean v. Wayside Outreach Dev., Inc., 624 F. App'x 44, 45 (2d Cir. 2015) (citation omitted). In McLean, the Second Circuit held that the district court did not abuse its discretion when it determined damages based on the aid of a single affidavit only partially based upon real numbers. See id.

The burden is on the plaintiff to establish by "reasonable certainty" its entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 155; see also Jimenez v. Green Olive Inc., 744 F. Supp. 3d 221, 252 (E.D.N.Y. 2024) (holding that the court must satisfy itself that plaintiff has met the burden of proving damages to a "reasonable certainty."). To determine damages, the court may conduct an inquest (see Fed. R. Civ. P. 55(b)(2)(B)) or it may rely on the affidavits and other documentary evidence provided by plaintiff. See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

E. Attorney's Fees and Costs

"A plaintiff in a foreclosure action may recover attorneys' fees and costs against a borrower-defendant if the note or mortgage provides for such an award." See U.S. Bank Nat'l Ass'n as Tr.

for RMAC Tr., Series 2016-CTT v. Swezey, No. 20-CV-91 (FB) (RLM), 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), report and recommendation adopted, 2022 WL 2390989 (E.D.N.Y. July 1, 2022).

III. DISCUSSION

Here, the Court finds (1) Plaintiff adequately pled facts to support granting the default judgment against all Defendants; (2) Plaintiff adequately pled facts to support foreclosure and sale and is entitled to secure foreclosure and sale at this time; (3) Plaintiff adequately provided notice of service of forms under RPAPL Sections 1304 and 1306; (4) Plaintiff adequately established the damages at issue; (5) the Court should appoint a referee to effectuate a sale of the Subject Property and to disburse the funds from such sale; and (6) the Court should remove "Joh Doe 1" through "John Doe #12," as a party defendant in this action and amend the caption to reflect such.

A. Plaintiff is Entitled to Default Judgment

1. Jurisdictional Requirements

The Court "may not enter a default judgment unless it has both subject-matter jurisdiction over the action and personal jurisdiction over each defendant." Cooper, 2024 WL 3344001, at *3 (citing Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 732 (2d Cir. 1980)).

i. Subject-Matter Jurisdiction

Plaintiff filed this action in federal court pursuant to the requirements of 28 U.S.C. Section 1332, alleging that the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. Compl. ¶ 7.

Plaintiff alleges in the Complaint that "PHH Mortgage Corporation is a corporation organized under the laws of the State of New Jersey. It is a citizen of New Jersey." Compl., ¶ 2..

The Court is thus satisfied that, for diversity jurisdiction purposes, Plaintiff is a citizen of New Jersey.

Plaintiff alleges that Mazzocchi is a resident and citizen of New York, (Compl. ¶ 3), and that Chase is citizen of Ohio. Id. ¶ 4. As a result, the criteria for diversity jurisdiction is met, and this Court has subject matter jurisdiction over the dispute.

ii. Personal Jurisdiction

Personal jurisdiction must comport with both state law and the Due Process Clause of the United States Constitution. See Relevant Sports, LLC v. U.S. Soccer Fed'n, Inc., 61 F.4th 299, 305 (2d Cir. 2023) (analyzing personal jurisdiction under New York law and the Due Process Clause). New York law authorizes personal jurisdiction over individuals whose place of domicile is within the state. N.Y. C.P.L.R. § 301.

Plaintiff does not allege Defendants' domiciles, but it does allege that Mazzocchi resides in Shirley, New York and that Chase has a Columbus, Ohio address. Compl. ¶¶ 3-4. Thus, the Court finds that it has personal jurisdiction over Defendants in accordance with state law and the Due Process Clause. See N.Y. C.P.L.R. § 301

2. Procedural Requirements

Plaintiff must meet certain procedural requirements in order to succeed on a motion for default judgment. First, Plaintiff must prove that it properly served Defendants pursuant to the Federal Rules of Civil Procedure, and that the Clerk of Court properly entered a certificate of default. Next, Plaintiffs in the Eastern District of New York must adhere to Local Rule 55.2. See E.D.N.Y. Loc. Civ. R. 55.2.

i. Federal Rule of Civil Procedure 4

Under Rule 4(e)(1) and 4(h)(1)(A), a party may serve an individual and a corporation in accordance with the rules of the "state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1); id. 4(h)(1)(A). N.Y. C.P.L.R. § 308(1) permits personal service upon individuals, and N.Y. C.P.L.R. § 308(2) permits service upon a person of suitable age at the actual dwelling of the person to be served.

Further, Rule 4(h) provides that a domestic or foreign corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process...." See Fed. R. Civ. P. 4(h)(1)(B); Hartford Fire Ins. Co. v. Queens Cnty. Carting, Inc., No. 20-CV-01844 (NSR), 2022 WL 254367, at *2 (S.D.N.Y. Jan. 27, 2022) (quoting Fed. R. Civ. P. 4(h)(1)(A); (e)(1)) ("Under Rule 4(h)(1)(A), a corporation may be served 'in the manner prescribed by Rule 4(e)(1) for serving an individual,' which includes 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]' "). Under New York law, service on a corporation may be made by serving the authorized agent. See N.Y. C.P.L.R. § 311(a)(1) ("Personal service upon a corporation... shall be made by delivering the summons... to an officer, director, managing or general agent, cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."); see also Flagstar Fin. & Leasing, LLC v. ANR Logistics LLC, No. 24-CV-08469 (JS) (JMW), 2025 WL 3451989, at *5 (E.D.N.Y. Oct. 28, 2025) (finding service was proper under Fed. R. Civ. P. 4(h), where an entity was served delivering the Summons & Complaint to an authorized agent of the Defendant).

Here, Plaintiff served Defendant Mazzocchi via substituted service at 53- Rowlinson Drive, Shirley, New York 11967on October 17, 2025. DE [11]. Defendant Chase was served with a

copy of the Summons and Complaint on September 16, 2025, by service upon Joseph McCabe, an authorized corporate agent, who affirmatively represented upon verbal inquiry that he was authorized to accept service on behalf of the corporation. DE [10]. Accordingly, service on all Defendants was proper.

ii. Entry of Default

The Court next finds that the Clerk of Court properly entered a certificate of default against the Defendants. Plaintiff served Defendants on September 16, 2025 and October 17, 2025 (see DE [10] and [11]) and Defendants were required to respond to the Complaint by October 7, 2025 and November 7, 2025, respectively. See Fed. R. Civ. P. 12(a)(1)(A)(i). When Defendants failed to do so, Plaintiff requested a certificate of default. See DE [12]. The Clerk of the Court properly entered a certificate of default against Defendants on January 26, 2026. See DE [14].

iii. Local Rule 55.2

The Court next finds that Plaintiff complied with the procedural requirements set forth in the Eastern District of New York Local Civil Rule 55.2 (hereinafter "Local Rule 55.2"). Local Rule 55.2 sets forth the procedural requirements for seeking a default judgment. "Courts within this District generally require strict compliance with the Local Rules." Amador v. 109-19 Food Corp., No. 21-CV-4633, 2025 WL 1032031, at *11 (E.D.N.Y. Mar. 14, 2025), report and recommendation adopted, 2025 WL 1031133 (Apr. 7, 2025). "In many cases, failure to comply with Local Civil Rule 55.2 is a basis to deny a motion for default judgment." Id. (cleaned up).

a. Local Rule 55.2(a)(1)(A)-(C)

First, the movant must file an affidavit or declaration showing (1) that the Clerk of the Court entered default, (2) that the movant has complied with the Servicemembers Civil Relief Act, 50a

U.S.C. § 521 ("SCRA"), and (3) that the party against whom judgment is sought is not known to be a minor or incompetent person. See E.D.N.Y. Loc. Civ. R. 55.2(a)(1)(A)-(C).

Plaintiff has met these requirements. See Avraham Decl. ¶ 16; Ex. G, DE [17-12]; DE [14] (Clerk's certificate of default).

b. Local Rule 55.2(a)(2)-(3)

Next, the movant must file (1) a memorandum of law, (2) a proposed order detailing the proposed judgment to be entered, and (3) a certificate of service stating that all documents in support of the motion, including the Clerk's certificate of default, have been personally served on or mailed to the last known residence (for an individual) or business address (for a company). E.D.N.Y. Loc. Civ. R. 55.2(a)(2)-(3)

Plaintiff met each of these requirements. See DE [17-3] (memorandum of law); DE [17-1] (proposed order); DE [17-23] (declaration of mailing).

c. Local Rule 55.2(c)

Finally, the movant must file "a statement of damages, sworn or affirmed to by one or more people with personal knowledge, in support of the request, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs." E.D.N.Y. Loc. Civ. R. 55.2(c). Here, Plaintiff again met this requirement. See DE [17-4], [17-21].

3. Liability

Having assured itself that the jurisdictional and procedural prerequisites to enter a default judgment are met, the Court must now "assess whether Plaintiff's well-pleaded factual allegations establish Defendants' liability as a matter of law." Cooper v. Fire & Ice Trucking, Corp., 2024 WL 3344001, at *6 (E.D.N.Y. July 9, 2024). Although the court accepts as true all well-pleaded allegations in the complaint, the court must still ensure the allegations provide a

basis for liability and relief, and the court has discretion to require further proof of necessary facts. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).

In determining whether to grant a motion for default judgment a court must evaluate (1) whether the default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would endure because of the denial of the default motion. See Stokes v. MilkChocolateNYC LLC, 22 Civ. 6786, 2023 WL 4447073, at *4, 681 F.Supp.3d 226 (S.D.N.Y. July 11, 2023) (internal quotations and citations omitted). Courts have held that a defendant's nonappearance and failure to respond to a complaint demonstrates willfulness. See Laura Elec. Lighting & Maint. Serv. Inc., No. 20-CV-3700, 2021 WL 6294391, at *3 (E.D.N.Y. Dec. 14, 2021), report and recommendation adopted, 2022 WL 59655 (E.D.N.Y. Jan. 6, 2022) (finding a willful default when defendants did not file a timely answer). Defendants have been properly served but have not appeared in this action.. Thus, Plaintiff has submitted sufficient evidentiary support, and there is no basis for the Court to find that Defendants have a meritorious defense. As a result, the motion for default judgment should be granted.

B. Plaintiff Established Its Right to Foreclosure

As Judge Nicholas Garaufis of this Court recently observed,

> Mortgage foreclosure actions proliferate this court. We often treat them as creatures of procedure, devoid of real people removed from real homes. But procedure cuts both ways. And although these actions can march forward to a steady drumbeat, courts must ensure that plaintiffs follow the correct process and the applicable statutes are respected. This case is no exception.

Freedom Mortg. Corp. v. Bullock, No. 19-CV-664 (NGG) (RML), 2025 WL 3078314, at *1 (E.D.N.Y. Nov. 4, 2025). Here, the Court finds that Plaintiff has followed the correct process to establish its right to foreclosure.

Plaintiff produced to this Court the Note, the Mortgage, and the assignment. See DE [17-7], [17-8], [17-9]. Plaintiff states that Defendants were in default after failure to pay the monthly payment on December 1, 2024, as well as all subsequent payments. See Compl. ¶ 14. Thus, Plaintiff has established through evidentiary support that a debt exists, it was secured by a mortgage, and a default occurred on that debt. See Thomas, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (granting default judgment and foreclosure for sale where plaintiff established *a prima facie* case of foreclosure); see also Windward Bora LLC v. Montour, No. 2:23-CV-03654-EK-LGD, 2023 WL 10408307, at *4 (E.D.N.Y. Oct. 2, 2023), report and recommendation adopted, No. 23-CV-3654(EK)(LGD), 2024 WL 1142389 (E.D.N.Y. Mar. 15, 2024) (same).

C. Plaintiff Provided Sufficient Evidence for Establishing Proper Service Under RPAPL § 1304 and § 1306

Under RPAPL § 1304(1)-(2), "[p]roper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." See CIT Bank N.A. v. Schiffman, 999 F.3d 113, 116 (2d Cir. 2021). A lender can establish compliance with Section 1304 in one of two ways: (1) if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or (2) "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." See Freedom Mortg. Corp. v. Bullock, No. 2:19-CV-664-NGG-SJB, 2023 WL 5266343 at *3 (E.D.N.Y. Aug. 4, 2023) (quoting CIT Bank N.A. v. Schiffman, 36 N.Y.3d 550, 556, 168 N.E.3d 1138, (2021) (citations omitted)).

The Affidavit of Indebtedness sworn to by Juliana Thurab demonstrates the required compliance with RPAPL. See Thurab Aff. Plaintiff submitted evidence demonstrating adequate service of process of the 90 Day Notice to Defendants and provided proof with a declaration of

mailing, in accordance with Section 1304, as well as Proof of Filing Statement pursuant to Section 1306. See Thurab Aff., Ex. F, DE [17-11]. Moreover, the 90 Day Notice appears to have complied with Sections 1304 and 1306, as it was served on Defendants more than 90 days prior to the filing of the Complaint and registered with the Superintendent of the New York State Department of Financial Services. See id. Thus, the Court is satisfied the Plaintiff complied with its obligations under RPAPL.

IV. Damages And Other Remedies

The Court recommends Plaintiff's request for damages and other relief be granted on the Notes and Mortgage, costs, the appointment of a referee, and attorneys' fees.

A. Damages Due on the Notes and Mortgage

Once a party establishes default, "it must still prove damages." See Thomas, 2022 WL 5114489, at *3 (E.D.N.Y. Sept. 30, 2022) (citations omitted). In mortgage foreclosure cases, courts consider the documentary evidence presented by plaintiffs and have awarded damages including unpaid principal, accrued interest, recoverable costs, escrow advances, and late charges. See, e.g., Windward Bora LLC v. Valencia, No. 19-CV-4147, 2022 WL 872506, at *6 (E.D.N.Y. Mar. 24, 2022) ("Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings.") (internal quotation marks and citations omitted); CIT Bank, N.A. v. Schiffman, No. 16-CV-5772, 2022 WL 912520, at *3 (E.D.N.Y. Mar. 29, 2022) (awarding unpaid principal, interest, cost, and late charges).

Here, Thurab's Affirmation (DE [17-5]) attaches through various data compilations, spreadsheets, and reports the Borrower's outstanding principal balance, deferred principal balance, note rate interest, late fees, escrow balance, and unpaid loan costs. See DE [17-21] at Ex. P (compilation of data reflecting damages). The Court finds the materials submitted and

affirmed to sufficient to establish evidence of damages, because there is an adequate basis for the Court to establish within a "reasonable certainty" the total damages requested. See Windward Bora LLC v. Durkovic as Tr. of McQueen Fam. Tr., No. 22-CV-411, 2024 WL 3455841 (E.D.N.Y. July 18, 2024) (finding plaintiff's evidence from various reports and account statements to be sufficient as to prove damages).

B. Attorneys' Fees

Next, Plaintiff seeks attorneys' fees for a flat fee of $6,800.00. DE [17-20]. Counsel for Plaintiff, Orit Avraham, Esq. ("Avraham") submits a declaration for the services rendered. Id. Avraham states that pursuant to the Mortgage, "the mortgagee is entitled to reasonable fees for the services rendered in connection with this action" (see id. at ¶ 3; see also DE [17-8] at ¶ 22), and itemizes the 25.5 hours spent on this matter, at a rate of $330.00. DE [17-20] at 3-4. Flat rates such as the one sought here, are disfavored in the Second Circuit. See e.g., Wells Fargo Bank Nat'l Ass'n as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC, 725 F. Supp. 3d 272, 297 (E.D.N.Y. 2024) (discussing that generally this Circuit does not award attorneys' fees that request flat fees); Nationstar Mortg. LLC v. Atanas, 285 F. Supp. 3d 618, 624 (W.D.N.Y. 2018) (collecting cases). When flat fees are agreed upon, Courts still analyze whether such fees are reasonable using the lodestar method but only if contemporaneous time records are provided. See Onewest Bank, N.A. v. Cole, No. 14-CV-03078 (FB)(RER), 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015), as amended, No. 14-CV-3078 (FB)(RER), 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), report and recommendation adopted sub nom., One W. Bank, N.A. v. Cole, No. 14-CV-03078 (FB)(RER), 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016). The Court does not find that the declaration is sufficient, absent contemporaneous billing records, and attorneys' fees should not be awarded without such

a cross-check. See Mack Finanical Servs. v. Poczatek, No. 10-CV-3799 (JS)(AKT), 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011), report and recommendation adopted in part, No. 10-CV-3799 (JS)(ETB), 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011) (internal citations and quotations omitted) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that 'attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done.'")

However, if the District Judge disagrees, Avraham does outline the tasks and time spent on each, which allows the Court to conduct a lodestar analysis. To determine the reasonableness of an attorneys' fee award, "courts in the Second Circuit multiply the reasonable hourly rate by the number of hours reasonably expended by counsel," commonly referred to as the lodestar approach. Ritchie v. Gano, 756 F. Supp. 2d 581, 583 (S.D.N.Y. 2010) (referencing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Board of Elections, 522 F.3d 182, 183–84 (2d Cir. 2008)). "A party seeking an award of attorney's fees bears the burden to document 'the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflected, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done.'" Bds. Trs. Ins., Annuity, Scholarship, & Apprenticeship Training Funds Sheetmetal Workers' Int'l Ass'n, Loc. Union No. 137 v. Liberty Signs, Inc., No. 10-cv-1737 (ADS) (AKT), 2011 WL 4374519, at *6 (E.D.N.Y. Aug. 30, 2011), report and recommendation adopted, 2011 WL 4373893 (E.D.N.Y. Sept. 19, 2011).

Avraham's declaration includes 25.5 hours at a rate of $330.00. DE [17-20]. The declaration includes the remaining tasks such as in-take, filing the complaint, coordinating

service of process, seeking entry of default, and preparing the motion for default judgment. See id. Avraham is an associate with the firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, who has been practicing for over twenty-five (25) years. Id. Hourly rates in the Eastern District of New York, appear to "generally range from $300.00 to $450.00 for partner-level attorneys, and $200.00 to $325.00 for those with less experience." Perrone v. Amato, No. 09-CV-316 (SIL), 2022 WL 595187, at *3 (E.D.N.Y. Feb. 27, 2022); see also Linde v. Arab Bank, PLC, No. 04-CV-2799 (BMC) (PK), 2023 WL 9232942, at *6 (E.D.N.Y. Nov. 28, 2023), report and recommendation adopted, No. 04-CV-2799 (BMC)(PK), 2024 WL 3873708 (E.D.N.Y. Aug. 19, 2024) ("prevailing rates for attorneys in the E.D.N.Y. are approximately $300 to $450 per hour for partners, $200 to $300 per hour for senior associates, and $100 to $200 per hour for junior associates"). However, courts within this District have recently begun to recognize an increase in attorneys' fees hourly rates. See Rubin v. HSBC Bank USA, NA, 763 F. Supp. 3d 233, 243-44 (E.D.N.Y. 2025) ("I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals.").

Here, Avraham's rate of $330.00 "is well within reason" for this District. Interestingly though, counsel's declaration includes three entries for work not yet occurred but "estimated" such as appearance at the foreclosure sale, totaling six hours. See One W. Bank, N.A., 2015 WL 4429014, at *7 (declining to award attorneys' fees where the affirmation did not include the hours spent or the listed task but also noting that including tasks that have not occurred cannot be awarded). As such, the Court will only consider 19.5 hours of work, which equals $6,435.00. Accordingly, the undersigned finds that if the District Judge wishes to award attorneys' fees, then Plaintiff's request for attorneys' fees should be granted in part in the amount of $6,435.00.

C. Costs

Plaintiff seeks costs and disbursements for $405.00 for the filing fee, process server fees of $585.00, notice of pendency filing fee of $220.00, and a surrogate search pf $50.00 equaling $1,260.00. DE [17-18].

In this Circuit, "reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." OneWest Bank, NA v. Raghunath, No. 14-CV-3310 (RJD)(MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015), report and recommendation adopted sub nom., No. 14-cv-3310 (RJD)(MDG), 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). A party is not entitled to recover costs for which it provides inadequate substantiation. See Douyon v. N.Y. Med. Health Care, P.C., 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) (finding that without underlying documentation of itemized expenses, the Court has "no way of confirming" that costs were incurred by counsel).

Pursuant to the Mortgage, Plaintiff is entitled to costs and reimbursements. See DE [17-8] at ¶ 22 at 17-18. In addition, pursuant to Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover certain taxable costs – including filing fees and reasonable service of process fees. See Prime Contractors Inc. v. APS Contractors Inc., 786 F. Supp. 3d 524, 554 (E.D.N.Y. 2025) ("Federal courts sitting in diversity jurisdiction look to Federal Rule of Civil Procedure 54(d)(1) to calculate costs, which provides that '[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.' ") Plaintiff "bear[s] the burden of adequately documenting and itemizing the costs requested." Datiz v. Int'l Recovery Assocs., Inc., No. 15-CV-3549 (DRH)(AKT), 2020 WL 5899881, at *14 (E.D.N.Y. Mar. 12, 2020). "Filing fees are recoverable without supporting documentation if verified by the docket." Arch Specialty Ins. Co. v. Apco Indus., Inc., No. 18-

CV-4041 (ENV)(SJB), 2020 WL 6581000, at *7 (E.D.N.Y. Oct. 5, 2020). Here, the docket indicates the $405 filing fee was paid. See DE [1]. As such, the filing fee should be awarded. Next, Plaintiff provides documentation for the service fees, surrogate search, and notice of pendency fees. DE [17-18]. Accordingly, the undersigned recommends awarding Plaintiff $1,260.00 in costs.

D. Appointment of Referee

Plaintiff also requests that the Court appoint a referee to sell the Property. DE [17-1] at 3. The proposed judgment includes Melissa Mohan, Esq., with the following address 276 W. 15th Street., Deer Park. NY 11729, as the "designated ... Referee herein to sell the mortgaged premises." Id.

"[C]ourts routinely appoint referees to effectuate the sale of foreclosed properties." Cit Bank, N.A. v. Coombes, No. 17-CV-5871 (ADS)(SIL), 2019 WL 2516729 at *8, (E.D.N.Y. May 23, 2019) (recommending plaintiff be allowed to select three candidates as potential referees to sell the property and the district judge would select one). And courts in the Second Circuit allow appointing a referee if the plaintiff has presented a note, mortgage, and proof of default thereby establishing a *prima facie* case. Nationstar Mortg. LLC v. Atanas, 285 F. Supp. 3d 618, 628 (W.D.N.Y. 2018).

In this case, Plaintiff has sufficiently pled its prima facie case. However, Plaintiff has not in any of the supporting documents listed or described, the requested referee's qualifications. Therefore, it is recommended that Plaintiff provide the qualifications of Melissa Mohan, Esq., or three potential referees and file a proposed appointment order that the District Judge may use when choosing a referee. See Freedom Mortg. Corp. v. Habeeb , 19-CV-05881 (JMA)(JMW),

2023 WL 5181444, at *15, (E.D.N.Y. July 27, 2023) (discussing the procedure courts follow when appointing a referee in foreclosure proceedings).

E. Removal of "John Does"

Finally, Plaintiff requests that the Court remove Defendants John Does One through Twelve as parties to this action "as no tenants reside at the property" nor were any "John Does" identified or served. DE [17-1] at 6-7; DE [17-2] at 6. Thus, Plaintiff avers that such parties are not necessary or proper. "Dismissal of these defendants is proper pursuant to Federal Rule of Civil Procedure 4(m) based on Plaintiff's failure to identify and serve these defendants within 120 days after the filing of the complaint." Gustavia Home, LLC v. Saagber, No. 16-CV-2099 (ADS)(SIL), 2017 WL 2684266, at *2 (E.D.N.Y. June 2, 2017), report and recommendation adopted, No. 16-CV-2099 (ADS)(SIL), 2017 WL 2684026 (E.D.N.Y. June 21, 2017) (seeking the same relief for identical reasons); see also United States v. Ferri, No. 19-CV-6921 (CJS), 2023 WL 2165182, at *2 (W.D.N.Y. Feb. 22, 2023) (granting dismissal of fictious names and non-designated tenants). Moreover, no objections nor opposition have been filed as to this request. Accordingly, this request should be granted.

CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for default judgment, found at docket entry No. 17 herein, be granted in part and that the Court enter judgment as follows: (i) awarding Plaintiff damages in the amount of $310,495.02, consisting of unpaid principal, accrued late fees, and default interest; (ii) awarding Plaintiff costs and disbursements in the amount of $1,260.00; (iii) directing Plaintiff to file a renewed application for attorneys' fees with the required support for the fees; and (iv) remove Defendants "John Does One through Twelve" from the caption. In addition, Plaintiff shall either list the qualifications of

Melissa Mohan, Esq., or three other potential referees and file a proposed appointment order for consideration by Judge Choudhury.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Further, Plaintiff's counsel is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known addresses and to file proof of service on ECF by June 19, 2026. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days may preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
June 17, 2026

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge